IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO: |
| | : | 7:25-cr-25–WLS-ALS |
| JOSHUA JORDAN and | : | |
| RYAN RUGG, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Wednesday, November 19, 2025, at 2:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning December 8, 2025 (Doc. 30). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant Joshua Jordan ("Defendant Jordan"), filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 32) ("Motion"). Defense Counsel requests a continuance to the next available trial term to allow him time to property investigate the case so as to provide Defendant Jordan with effective assistance of counsel, including considering pretrial litigation and/or plea negotiations, and to consult directly with Defendant Jordan regarding his case. Defense Counsel represents that he conferred with Government's counsel, who does not oppose the Motion.

Defense Counsel states that the continuance is necessary for effective preparation of this case, taking into account the exercise of due diligence. He further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay be excluded under the Speedy Trial Act 18 U.S.C. § 3161.

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

The Court notes that although Co-Defendant Ryan Rugg ("Co-Defendant Rugg") is not a party to the Motion, he is charged as a co-defendant with Defendant Jordan, and review of the docket reflects that no motion for severance has been filed or granted in this case. Further, Defendant Jordan's Counsel represents that he has also conferred with co-defendant's counsel who does not oppose the continuance.

The Court further notes that Defendant Jordan requests a continuance to the Court's next regularly scheduled trial term, which for Valdosta cases is February 2026, beginning February 2, 2026. The pretrial conference for the February 2026 Trial Term will be held in approximately six weeks on December 30, 2025.

Based on Defendant Jordan's stated reasons, the status of this case, and the Court's review of the entire record, the Court finds that: (1) a continuance is required for Defense Counsel to effectively prepare for trial; (2) a continuance to the Court's May 2026 Valdosta Trial Term will best serve the ends of justice and will provide Defense Counsel the reasonable time necessary for effective preparation of this case; (3) the ends of justice served by granting such continuance outweigh the best interests of the public and Defendant Jordan and Co-Defendant Rugg in a speedy trial under 18 U.S.C. § 3161(h)(7)(A)-(B); and (4) with respect to Co-Defendant Rugg, a delay to the Court's May 2026 trial term is reasonable where Defendant Jordan is joined for trial with Co-Defendant Rugg, as to whom the time for trial has not run and no motion for severance has been granted. *See* 18 U.S.C. § 3161(h)(6).

Accordingly, the Motion (Doc. 32) is **GRANTED**, as follows:

1. The trial of Joshua Jordan and Ryan Rugg is **CONTINUED** to the Court's Valdosta Division **May 2026** Trial Term and its conclusion, or as may otherwise be ordered by the Court.

2. In the event Defendant Jordan's, Co-Defendant Rugg's, or Government's Counsel believe the case will be ready for trial during the February 2026 Valdosta Trial Term, then on or before **Wednesday, November 26, 2025**, such Party shall file the appropriate motion(s), including a motion to sever if appropriate under the applicable law and Rules, to set this case for such term of Court. Counsel should confer in advance of filing such motion(s).

3. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and

finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, (b) deny Defendant Jordan the continuity of counsel, and (C) deny Defendant Jordan's Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

4. Further, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(6) because the delay is reasonable, and Defendant Jordan is joined for trial with Co-Defendant Rugg as to whom the time for trial has not run and no motion for severance has been filed or granted.

5. The November 19, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 18th day of November 2025.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

3